**Jerry SMITH, Plaintiff,**

v.

**ATLAS OFFSHORE BOAT SERVICE, INC., Defendant.**

**Civ. A. No. S79–0219(N).**

United States District Court, S.D. Mississippi, S.D.

Aug. 10, 1982.

Paul S. Minor, Paul T. Benton and Judy M. Guice, Biloxi, Miss., for plaintiff.

Vincent J. Castigliola, Jr., Carter O. Bise, Pascagoula, Miss., for defendant.

DANIEL HOLCOMBE THOMAS, District Judge, sitting by designation.

The above-styled cause on remand from the Fifth Circuit Court of Appeals pursuant to the issue of compensatory damages was heard by this Court without a jury and taken under submission on the 16th day of June 1982. After hearing the evidence on June 2, 1982, examining the exhibits, pleadings and stipulations, and proposed findings of fact and conclusions of law filed by both parties, this Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

*The Parties and the Issues*

1. The plaintiff, Jerry Smith, is 32 years of age and a resident citizen of the State of Mississippi.

2. The defendant, Atlas Offshore Boat Service, Inc., (Atlas) is a Louisiana corporation located in Belle Chasse, Louisiana, where it maintains an offshore supply vessel service.

3. This Court has previously found that Smith was employed by Atlas and was wrongfully discharged by Atlas on December 19, 1978. The only issue remanded by the Fifth Circuit to this Court is the amount of damages necessary to compen-

sate Smith for this wrongful retaliatory discharge. In its opinion, the Fifth Circuit very clearly stated that Smith was not entitled to punitive damages, but should receive compensatory damages which would include:

> [1] the seaman's expenses of finding new employment, [2] lost earnings while the seaman seeks another position, ... [3] lost future earnings if the seaman's new job provides less remuneration than that earned while the seaman was in the employ of the defendant, ... [and 4] damages for mental anguish that he may suffer as a result of the wrongful discharge.

*Smith v. Atlas Off-Shore Boat Service, Inc.,* 653 F.2d 1057, 1064 (5th Cir.1981) (footnote omitted). Therefore, the only evidence considered by this Court, is that which pertains to one of the four stated damage elements of a wrongful retaliatory discharge.

### The Damages

4. The oral evidence presented to the Court indicated that Smith received during 1978 as little as $40.00 a day and as high as $65.00 a day. The business record presented by Atlas of Smith's 1978 compensation record, however, indicated that Smith's highest daily rate of pay was $60.00 and that this was received for the week ending November 30, 1978. (Exh. E) The Court, therefore, concludes that for computing Smith's lost earnings the daily rate of $60.00 should be used.

The undisputed work routine of Smith at the time of his discharge was fifteen days on and then fifteen days off. As approximately eleven months passed between December 19, 1978, the date of the wrongful discharge, and November 12, 1979, the date of the trial for the wrongful discharge, the Court finds that Smith's lost earnings were Nine Thousand, Nine Hundred Dollars ($9,900.00).

5. During most of 1979, Smith was in receipt of unemployment compensation at a rate of Seventy Dollars ($70.00) per week. In addition to the unemployment compensation, Smith performed some construction and remodeling work for neighbors and earned approximately $700.00 during April, May and June of 1979, and $800 during June, July and August of 1980.

6. Smith attempted to secure new employment after his discharge from Atlas and testified that he spent approximately $15.00 to $20.00 a week on telephone conversations and gasoline during this process. While Smith was unable to produce any records of these expenses or corroborate them by other testimony, the Court will assume that Smith continuously sought other employment from the time of his discharge until the date of the trial, which amounts to approximately forty-eight (48) weeks. The Court, therefore, finds that Smith is entitled to be reimbursed for his expenses in finding new employment in the amount of Seven Hundred and Twenty Dollars ($720.00).

7. In October of 1979, the Smiths moved from Biloxi, Mississippi, to Laurel, Mississippi, in order that Mrs. Smith might obtain a promotion with South Central Bell. Since moving to Laurel, Smith has performed a variety of jobs and presently finds himself in the bail bonding business where he receives a commission of between ten and fifteen percent of the total bond amount.

8. As a result of the wrongful discharge, Smith has experienced emotional problems and has sought the help of a Dr. Don Matherne, a clinical psychologist. Dr. Matherne testified he had seen Smith on three occasions between February and May of 1982, and that he would diagnose Smith as suffering from "psychoneurotic depression" brought about by Smith's wrongful discharge. Smith has been billed $150.00 for these sessions and Dr. Matherne stated that an additional $800.00 would be necessary for further sessions over the next two years, at which time Smith should reach full recovery.

### CONCLUSIONS OF LAW

1. The Court has jurisdiction of this matter, in Admiralty, and of all the parties and their claims, pursuant to the general maritime law.

2. The Court has made its findings concerning the damages suffered as a result of the wrongful retaliatory discharge and to the extent that these findings also constitute legal conclusions, they are incorporated herein.

3. As was previously determined by this Court and affirmed by the Fifth Circuit, Smith was wrongfully discharged by Atlas on December 19, 1978. The only issue reversed and remanded by the Fifth Circuit was this Court's award of $1,000.00 in punitive damages. In its opinion of August 21, 1981, the Fifth Circuit clearly stated that Smith was only entitled to recover compensatory damages for his being wrongfully discharged by Atlas (see Finding of Fact No. 3) and therefore, for this injury the Court enters the following damage awards:

(a) For expenses incurred while seeking new employment from the date of discharge until the date of trial on the discharge, which in this case would equal approximately 48 weeks, at a weekly rate of $15.00, for a total award of $720.00.

b. For lost past earnings while seeking new employment from the date of discharge until the sooner of, (1) finding new employment, or (2) the date of the trial on the discharge, which in this case the Court finds to be the later and equal to approximately 165 working days, thereby entitling Smith to $9,900.00. See Vickers v. Tumey, 290 F.2d 426, 434 (5th Cir.1961); Weiland v. Pyramid Ventures Group, 511 F.Supp. 1034, 1043 (M.D.La.1981). This amount, however, must be reduced by any earnings received during this same period, which in this case the Court finds to be approximately $700.00 (see Finding of Fact No. 5), thereafter, entitling Smith to a total award of $9,200.00.

c. For lost future earnings, which are to be awarded for a reasonably certain period that does not exceed the likely duration of the terminated employment, see Smith v. Atlas Off-Shore Boat Service, Inc., 653 F.2d 1057, 1064 n. 23 (5th Cir.1981) & Clissold v. St. Louis-San Francisco Railway Co., 600 F.2d 35, 39 (6th Cir.1979), the Court finds, although presented with no evidence on this point, that a reasonable duration of Smith's employment with Atlas would have been one year after the November 12, 1979, trial, thereby entitling Smith to $10,800.00. This amount, however, must be reduced by the $800.00 Smith earned during this same period. (see Finding of Fact No. 5), thereafter, leaving Smith with a total award of $10,-000.00.

d. For the mental anguish and suffering Smith endured as a result of his being wrongfully discharged and the treatment for the same, the Court awards a total of $1,950.00.

4. The Supreme Court clearly stated in NLRB v. Gullett Gin Co., 340 U.S. 361, 364, 71 S.Ct. 337, 339, 95 L.Ed. 337 (1951), that the trial court is given the discretion to determine whether an award of back pay should be reduced by any unemployment compensation received. Under the facts in this case, the Court concludes that such a reduction would be inappropriate, since the unemployment benefits received are collateral and not in place of an award by this Court for compensatory damages resulting from Smith's wrongful discharge.

The Court having made its Findings of Fact and Conclusions of Law herein, it is ORDERED, ADJUDGED and DECREED that the defendant, Atlas Offshore Boat Service, Inc., is liable to the plaintiff, Jerry Smith, for the compensatory damages received as a result of his being wrongfully discharged in the total amount of Twenty-one Thousand, Eight Hundred Seventy Dollars ($21,870.00).

A Judgment will be forthwith entered in accordance with the above Findings of Fact and Conclusions of Law.